United States District Court
Southern District of Texas
**ENTERED**
September 06, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| AWARDS DEPOT, LLC, § § Plaintiff, § § v. § CIVIL ACTION NO. H-18-1838 § TROPHY DEPOT, INC., § § Defendant. § | |

## MEMORANDUM AND ORDER

Trophy Depot sued Awards Depot in 2015 in the Eastern District of New York, alleging trademark infringement. In October 2016, the parties reached a settlement. The settlement agreement contains the following clause: "Venue and Jurisdiction -- For any dispute arising out of or related to this agreement, the parties agree to jurisdiction and venue in state and federal courts of New York, applying New York substantive law." (Docket Entry No. 15-7 at 2). The parties signed an addendum in 2018 that did not change the forum-selection clause. (Docket Entry No. 15-8).

Awards Depot filed this suit in June 2018 against Trophy Depot, alleging breach of the settlement agreement. Trophy Depot has moved to transfer venue to New York under 28 U.S.C. § 1404(a). (Docket Entry No. 11). Awards Depot opposes the motion. (Docket Entry No. 17). The court heard argument from counsel.

Trophy Depot argues that the forum-selection clause is mandatory and that the case must be transferred to New York. Awards Depot argues that the clause is permissive and that the case may and should remain in Texas.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

In *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49 (2013), the Supreme Court clarified that a forum-selection clause is properly enforced by a motion to transfer under § 1404(a). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied." *Id.* at 62. A valid forum-selection clause changes the analysis typically applied to a § 1404(a) motion, which requires balancing the private and public interest to determine whether transfer "would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 63 (quoting § 1404(a)). In *Atlantic Marine*, the Court instructed that, when presented with a forum-selection clause, a district court must change its analysis in three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) the court "should not consider argument about the parties' private interests" and instead should "consider arguments about public-interest factors only"; and (3) a venue transfer based on a forum-selection clause "will not carry with it the original venue's choice-of-law rules . . . ." *Id.* at 63–64. In short, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (internal quotations marks omitted) (alterations in original)).

Before applying the *Atlantic Marine* analysis, the Fifth Circuit requires district courts to determine whether a forum-selection clause is mandatory or permissive—that is, "whether the clause *permits* litigation in the selected forum or *mandates* litigation there." *Fin. Cas. & Sur., Inc. v. Parker*, 2014 U.S. Dist. LEXIS 76218, at *5 (S.D. Tex. June 4, 2014) (Rosenthal, J.); *see also*

*Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016) ("Only mandatory clauses justify transfer or dismissal."). This is the heart of the parties' venue dispute.

"A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum-selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004) (citation omitted). A clause in which the parties consent to personal jurisdiction in a specified forum is not the same as a clause requiring any action to be filed in that forum. *Id.* "A forum-selection clause is mandatory, as opposed to permissive, if it 'clearly demonstrate[s] the parties' intent to make that jurisdiction exclusive.'" *Javeler Marine Servs. v. Cross*, 2014 U.S. Dist. LEXIS 167770, at *17 (S.D. Tex. Dec. 4, 2014) (quoting *City of New Orleans*, 376 F.3d at 504); *see also Weber*, 811 F.3d at 769 ("An FSC is mandatory only if it contains clear language specifying that litigation must occur in the specified forum—and language merely indicating that the courts of a particular place 'shall have jurisdiction' (or similar) is insufficient to make an FSC mandatory."); *Parker*, 2014 U.S. Dist. LEXIS 76218, at *6 ("A clause mandates the specified forum only when its language clearly communicates that all litigation will occur only in that forum." (citing *UNC Lear Servs., Inc. v. Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009)).

The forum-selection clause here reads: "For any dispute arising out of or related to this agreement, the parties agree to jurisdiction and venue in state and federal courts of New York, applying New York substantive law." Trophy Depot argues that the phrase "any dispute" makes the clause mandatory and that the clause must be read in conjunction with the prior section, section 7. *See Morgan-Rinehart v. Van de Perre*, 2017 U.S. Dist. LEXIS 56392, at *15 (W.D. Tex. Apr. 12,

3

2017) (the phrase "any legal action" satisfies the "exclusive language requirement"); *Bustos v. Dennis*, 2017 U.S. Dist. LEXIS 38533, at *2 (a clause was exclusive "because of the word 'any'—'any litigation' means all litigation"). This is not the only consideration. In *Morgan-Rinehart*, the court also relied on language requiring that any action "will be" brought in a designated forum, finding that "will be" is mandatory language, and the fact that the clause identified a specific forum. 2017 U.S. Dist. LEXIS 38533, at *15.

Awards Depot argues that agreeing to jurisdiction and venue in New York does not require suit only in New York and the phrase "any dispute" is insufficient to make the clause mandatory. Awards Depot argues that *Atlantic Marine* does not apply because the clause is permissive. The Fifth Circuit has indicated its approval of the approach of the majority of district courts, finding that *Atlantic Marine* does not apply to permissive forum-selection clauses. *See Waste Mgmt. of La. v. Jefferson Parish*, 594 F. App'x 820, 821 (5th Cir. 2014).

The case law supports Awards Depot's argument that this clause is permissive. *See, e.g.*, *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir. 1994) (the clause "the laws and courts of Zurich are applicable" is permissive); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974) (the clause "this agreement shall be . . . enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York" is permissive); *Hazim v. Schiel & Denver Publ'g LTD*, 2015 U.S. Dist. LEXIS 98437 (S.D. Tex. July 28, 2015) (Rosenthal, J.) (the clause "the parties hereto submit and agree to the jurisdiction of the State of Texas courts" is permissive); *Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 702 (S.D. Miss. 2002) ("This Agreement shall be construed under the laws of Florida and the parties stipulate to venue in Broward County" is permissive, based on the use of the word "stipulate"; collecting out-of-circuit cases holding clauses using words like "stipulate" and "agree" are permissive); *Dorsey v. N.*

*Life Ins. Co.*, 2005 U.S. Dist. LEXIS 17742 (E.D. La. Aug. 12, 2005) (the clause "you agree to (1) submit to the jurisdiction of any court sitting in King County, Washington, (2) to waive any objection you may have now or in the future to the laying of venue in any such action or proceeding in any such court . . . ." is permissive); *Williams v. RIP Records*, 2005 U.S. Dist. LEXIS 50332 (S.D. Tex. Aug. 9, 2005) (the clause "[t]his Agreement shall be deemed to be executed in the State of California and shall be construed in accordance with the laws of said State. In the event of any disputes related to or arising under this Agreement, the parties agree to submit such dispute to the jurisdiction of the state and federal courts located in Los Angeles County," is permissive).

The clause here is permissive. It does not include any language stating that any dispute arising from the settlement agreement "must," "will," or "shall" be brought in New York. Reading the clause in conjunction with section 7 does not change that. The clause does not make New York the *only* available forum. Because the clause is permissive, *Atlantic Marine* does not apply; the traditional § 1404(a) analysis does. *See, e.g.*, *Hicks Elec. Co. v. Pac. Tech-Sauer, Inc. JV V*, 2016 U.S. Dist. LEXIS 129576 (W.D. La. Aug. 25, 2016); *Link Am., LLC v. InfoVista Corp.*, 2016 U.S. Dist. LEXIS 80333, at *3 (N.D. Tex. June 21, 2016).

The parties did not address the traditional § 1404(a) factors in their briefing. Trophy Depot, as the party seeking transfer, will file a statement, including affidavits, as to each of the private and public § 1404(a) factors, no later than **September 24, 2018.** Awards Depot will respond no later than **October 15, 2018.**

SIGNED on September 6, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

5