IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AWARDS DEPOT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1838 |
| | § | |
| TROPHY DEPOT, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Awards Depot, LLC, a Texas awards and trophy company, has sued Trophy Depot, a New York awards and trophy company, alleging that Trophy Depot breached the parties' agreement to settle an earlier case between them in the United States District Court for the Eastern District of New York. (Docket Entry No. 15). The Eastern District of New York dismissed that case with prejudice in 2016. (*Id.* at ¶ 21). Trophy Depot has moved to dismiss this Texas case under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 23). Based on the pleadings, the motion and response, and the applicable law, the court grants the motion in part and denies the motion in part. It is granted as to all of Awards Depot's claims under Texas law; the claims for unjust enrichment; the claims based on alleged violations of the settlement agreement's confidentiality, business negotiations, and non-disparagement clauses; the claim for failure to pursue mutual business opportunities in good faith; and the claim for attorneys' fees. It is denied as to the claims for a declaratory judgment under the federal statute on the website turnover timeline, for breach of the settlement agreement's dispute-resolution procedures, and for rescission of the settlement agreement.

The dismissals of the claims for a declaratory judgment under Texas law are with prejudice and without leave to amend, because amendment would be futile. The dismissals of the claims for unjust enrichment and attorneys' fees are with prejudice, for the same reason. The dismissals of the claims for alleged violations of the settlement agreement's confidentiality, business negotiations, and nondisparagement clauses, and for failure to pursue mutual business opportunities in good faith, are without prejudice and with leave to amend, no later than **November 30, 2018**.

The reasons are detailed below.

**I.      Background**

    **A.      The Parties' Litigation History**

In 2015, Trophy Depot sued Awards Depot for trademark infringement in the Eastern District of New York. (Docket Entry No. 15 at ¶ 19). In October 2016, the parties reached a settlement in that case, and the court dismissed the case with prejudice. (*Id.* at ¶¶ 20–21). The settlement agreement outlines how the parties were to interact and conduct their businesses moving forward. The agreement sets a timeline for Awards Depot to move the use and ownership of the awardsdepot.com website to Trophy Depot. The agreement provides:

a)  Year 1 – Awards Depot (AD) continues its status quo use of its mark, url (awardsdepot.com) and website;
b)  Year 2 – AD ceases all online and other advertising of its name AD, continuing the use of awardsdepot.com only as a "redirect" to a new website (URL) "NewSite";
c)  Year 3 – Same as Year 2, however on or before October 24, 2019, AD shall transfer the name and URL (awardsdepot.com) to Trophy Depot ("TD");
d)  Year 4 – From October 25, 2019 onward, TD may use the name, "Awards Depot," and url, awardsdepot.com, as a redirect to TD's website, trophydepot.com, or for any other purpose.

(Docket Entry No. 15-7 at ¶ 1).

The settlement agreement requires the parties "not to disparage one another, their products

2

or business practices." (*Id.* at ¶ 9). A confidentiality clause states that the parties are "to keep the terms of this agreement confidential pursuant to the same terms as set forth in the parties' Protective Order in this case," and, if asked about the terms of the settlement agreement, to "respond only that the case 'has been resolved to our mutual satisfaction.'" (*Id.* at ¶ 10). The agreement also requires the parties to maintain confidentiality about Awards Depot's future business plans. (*Id.* at ¶ 15). The "Future Business Dealings" section states that "[t]he parties agree to work together in good faith and to continue to discuss mutually beneficial business opportunities for so long as it is in their mutual interest to do so." (*Id.* at ¶ 12).

In 2018, this dispute arose. Trophy Depot claimed that Awards Depot had breached the settlement agreement's requirement to stop using its domain name for anything beyond redirecting visitors to the new Awards Depot website. (Docket Entry No. 24 at 9). Trophy Depot asked for a conference with Judge Azrack, who had presided over the case in the Eastern District of New York. She ordered the parties to mediation. (Docket Entry No. 15 at ¶¶ 22–23). The mediation resulted in the April 2018 addendum to the settlement agreement, requiring Awards Depot to "cease within 24 hours of the execution of the [2018 addendum] all use of Awards Depot in connection with all paid online search, social advertising, all matters of internet advertising, including mobile, and email blasts." (Docket Entry No. 15-8 at 3).

Trophy Depot sent another letter to Judge Azrack in May 2018, alleging that Awards Depot was continuing to use online advertising in violation of the April addendum to the settlement agreement. (Docket Entry No. 15 at ¶ 25). Before a scheduled conference with Judge Azrack could occur, Awards Depot sued Trophy Depot in this court. (*See* Docket Entry No. 1).

**B.     The Allegations in the First Amended Complaint**

Awards Depot alleges that Trophy Depot materially breached the settlement agreement, and it seeks a declaratory judgment detailing the existence and extent of this alleged breach. (*See* Docket Entry No. 15). Awards Depot requests a declaratory judgment "establishing the Parties' rights with respect to [the] timetable incorporated into the Settlement Agreement relating to [Awards Depot's] use and contemplated turnover of awardsdepot.com." (*Id.* at ¶ 26). Seeking relief under the Texas Declaratory Judgment Act and the Federal Declaratory Judgment Act, Awards Depot asks the court to declare that Trophy Depot "has materially breached the Settlement Agreement" by: (1) "failing to act in good faith to explore future business dealings" as required under the Future Business Dealings clause; (2) "violating the confidentiality requirements" and "revealing [Awards Depot's] future business plans"; (3) "violating the non-disparagement clause"; (4) "failing to abide by the terms of the dispute resolution procedures"; and (5) "seeking relief from the district court less than two months after the agreement was signed." (*Id.* at ¶ 40). Awards Depot also seeks rescission of the settlement agreement, arguing "that there is no adequate remedy at law for [Trophy Depot's] breach of that agreement," and asks for a declaratory judgment that, based on this rescission, Awards Depot owns the contested website. (*Id.* at ¶¶ 9, 40, 43). In the alternative, if the court finds that Trophy Depot owns the website, Awards Depot seeks a declaratory judgment that Trophy Depot "has been unjustly enriched" and must compensate Awards Depot for the website. (*Id.* at ¶ 42). Awards Depot also requests attorneys' fees under Texas law. (*Id.* at ¶ 33 (citing TEX. CIV. PRAC. & REM. § 38.001); *id.* at ¶ 44).

## C. Trophy Depot's Motion to Dismiss

Trophy Depot moves to dismiss the first amended complaint. (Docket Entry No. 23). It argues that Awards Depot has failed to state a claim on which relief can be granted because the

4

settlement agreement does not require the parties to enter into a business relationship, the alleged breaches of the settlement agreement are not material, and an unjust-enrichment claim is not permitted because there is a written contract between the parties. (*See* Docket Entry No. 24). Trophy Depot also moves to dismiss Awards Depot's allegations of the right to rescind because Awards Depot "seeks rescission nearly two years after executing the 2016 Agreement even though [it] has known since execution all pertinent facts apparently offered in support of its rescission claim," and because granting rescission "would give [Awards Depot] an absolute and inequitable windfall." (*Id.* at 6).

## II. The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

5

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation and alteration omitted).

In considering a motion to dismiss for failure to state a claim, the court is to consider "the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [its] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." Norris, 500 F.3d at 461 n.9.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great*

6

*Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Id.*

## III.    Analysis

### A.    New York Law Applies

As a threshold matter, the court must determine what substantive law applies. Awards Depot cites Texas law as the basis for relief for its claims arising from the settlement agreement. (*See* Docket Entry No. 15 at ¶¶ 11, 13, 17, 20). The settlement agreement contains a choice-of-law and forum-selection clause. The clause states that "[f]or any dispute arising out of or related to this agreement, the parties agree to jurisdiction and venue in state and federal courts of New York, applying New York substantive law." (Docket Entry No. 15-7 at ¶ 8). The clause is permissive as to forum but it is an effective contractual choice of New York law.

"In making a choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state, here Texas." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "Texas law gives effect to choice of law clauses regarding construction of a contract." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) (citing *In re J.D.*

7

*Edwards World Sols. Co.*, 87 S.W.3d 546, 549 (Tex. 2002)). Texas has adopted § 187 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS, which requires enforcement of a contractual choice-of-law provision if the issue raised is "one which the parties could have resolved by an explicit provision in their agreement." *DeSantis v. Wackenhunt Corp.*, 793 S.W.2d 670, 677–78 (Tex. 1990) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187). Even if the issue could not have been resolved with a provision in the agreement, Texan courts will enforce choice-of-law provisions if the law of the chosen state has a reasonable relationship with the parties and is not contrary to a fundamental policy of the forum. *Id.* at 678; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187.

The contract states that the parties agreed to the "applic[ation] of New York law" to the adjudication of "any dispute arising out of or related to" the settlement agreement. (Docket Entry No. 15-7 at ¶ 8). New York law applies to Awards Depot's breach of contract claims.

### B. The Texas Declaratory Judgment Act Claims

Trophy Depot argues that the court must dismiss Awards Depot's claims under the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*, because the Act "is a procedural law that has no application to a diversity action," (Docket Entry No. 24 at 18), and because the Act grants courts the authority only to "constru[e] existing rights dependent upon existing instruments," but not to modify those rights. (*Id.* (quoting *Anderson v. McRae*, 495 S.W.2d 351, 355 (Tex. App. 1973))). Awards Depot does not directly respond to Trophy Depot's argument, but it does contend that it "need only show that its claims, when accepted as true, are plausible on their face." (Docket Entry No. 30 at ¶ 20 (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011))).

The Fifth Circuit has made clear that the Texas Declaratory Judgment Act "is a procedural, not a substantive, provision and therefore does not apply to actions in federal court." *Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 352 (5th Cir. 2014); *see Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas [Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law."). Awards Depot cannot maintain the declaratory judgment action against Trophy Depot under the Texas Act. These claims are dismissed.

C. **The Federal Declaratory Judgment Act Claims**

Awards Depot also seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, interpreting the parties' rights and obligations under the settlement agreement timeline for Awards Depot to transfer use and ownership of the awardsdepot.com website. (Docket Entry No. 15 at ¶ 26). Awards Depot also seeks a declaratory judgment that Trophy Depot materially breached the settlement agreement by: (1) "failing to act in good faith to explore future business dealings" as required under the Future Business Dealings clause; (2) "violating the confidentiality requirements" and "revealing [Awards Depot's] future business plans"; (3) "violating the non-disparagement clause"; (4) "failing to abide by the terms of the dispute resolution procedures"; and (5) "seeking relief from the district court less than two months after the agreement was signed." (*Id.* at ¶ 40).

Trophy Depot argues that the court should dismiss these claims because they are unclear as to the relief Awards Depot seeks. Trophy Depot contends that while Awards Depot describes its complaint as seeking a declaratory judgment, Awards Depot later "completely omits [its request] for clarity on the parties['] rights stemming from the timetable in the Settlement Agreement."

9

(Docket Entry No. 24 at 14). Trophy Depot argues that Awards Depot's request for a declaratory judgment focuses on irrelevant facts related to the 2015 litigation, including whether the Eastern District of New York was the proper venue for that case and the merits of the underlying trademark dispute. (*Id.* at 14–15). Trophy Depot asserts that the complaint fails to plead with the particularity necessary to survive a motion to dismiss. (*Id.* at 15).

Awards Depot responds that its complaint need only allege a plausible claim, asserting that Trophy Depot is disguising a summary judgment motion as a motion to dismiss. (Docket Entry No. 30 at ¶ 20 (citing *Wolcott*, 635 F.3d 763)). Awards Depot argues that the merits of its claims cannot be weighed at this stage and the fact that there is some uncertainty as to the most relevant facts is not enough to grant a motion to dismiss. (*Id.* at ¶¶ 20–21).

The first amended complaint pleads with the requisite clarity its claims for the court to interpret the settlement agreement's timeline and whether Trophy Depot breached the settlement agreement by violating its dispute-resolution procedures and prematurely requesting relief from the Eastern District of New York. Awards Depot explains the different interpretations the parties have given the settlement agreement timeline and how those interpretations have resulted in a dispute over the ownership and right to use of the awardsdepot.com website. (*See* Docket Entry No. 15 at ¶¶ 26–29). Taking the facts alleged as true, Awards Depot states a claim for a declaratory judgment that Trophy Depot breached the settlement agreement. (*Id.* at ¶ 29).

The first amended complaint also pleads sufficient facts that, if proved, could show Trophy Depot breached the settlement agreement addendum when it submitted its letter to Judge Azrack. Awards Depot alleges that the letter violated the addendum's "prohibition against any court involvement for two months following [that document's] execution." (*Id.* at ¶¶ 30, 39). Awards

10

Depot alleges that the parties signed the addendum on May 16, 2018 and that Trophy Depot filed its letter to the Eastern District of New York on May 21. (*Id.* at ¶¶ 24–25).

Trophy Depot's argument in favor of dismissing this claim of breach requires the court to interpret the settlement agreement and addendum. Contract interpretation is a question of law, *see, e.g., Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 920 N.E.2d 359, 363 (N.Y. 2009), and "[a] written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties." *Brad H. v. City of New York*, 951 N.E.2d 743, 746 (N.Y. 2011). "An ambiguity exists where the terms of [a] contract could suggest 'more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997)). The "court need not accept plaintiff's interpretation of the language of the contract, although on a motion to dismiss it should resolve any ambiguities in his favor." *Verzani v. Costco Wholesale Corp.*, 641 F.Supp.2d 291, 299 (S.D.N.Y. 2009) (citing *Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

Awards Depot has pointed out plausible ambiguities in the settlement agreement, including the date on which the obligations of Year 2 begin. At this stage the court must resolve any ambiguities in favor of the nonmovant. Should Trophy Depot later move for summary judgment with supporting evidence, this court could consider Trophy Depot's arguments that Awards Depot materially breached the addendum by continuing to use the awardsdepot.com website, and that the

contract language required Awards Depot to stop using the website on October 24, 2017. But those arguments cannot be considered at this stage of litigation.

The first amended complaint does not, however, plead sufficient facts to state a plausible claim for relief as to Awards Depot's other requests for declaratory judgment. First, Awards Depot does not allege facts that would support its assertion that Trophy Depot breached the settlement agreement by failing to "act in good faith to explore and/or negotiate potential business dealings." (*Id.* at ¶ 31). Awards Depot pleads on "information and belief" that "the evidence, once developed, will demonstrate that [Trophy Depot] never had any intention of acting in good faith to at least explore potential opportunities." (*Id.*). But "even where allegations are based on information and belief, the complaint must set for a factual basis for such belief." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Without allegations of some factual basis for this claim or allegations showing that certain facts and evidence are unavailable absent formal discovery because they are within Trophy Depot's control, this claim cannot proceed. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018). This claim is dismissed.

Second, Awards Depot fails to plead facts sufficient to state a plausible claim for a declaratory judgment that Trophy Depot breached the settlement agreement's confidentiality clause. Awards Depot asserts that "[d]espite the confidential nature of the Settlement Agreement and any conversations intended to resolve any disputes arising out of it, [Trophy Depot] included references to conversations alleged to have occurred between the principals of the parties in a letter to the district court that was publicly filed." (*Id.* at ¶ 36). The settlement agreement, which Awards Depot attached to its first amendment complaint, states that "[t]he parties agree to keep the terms of this

12

agreement confidential pursuant to the same terms as set forth in the parties' Protective Order issued in this case." (Docket Entry No. 15-7 at ¶ 10). While the settlement agreement requires the parties to execute a nondisclosure agreement, the settlement agreement itself requires confidentiality only as to its own terms. (*Id.*). The allegation that Trophy Depot included information on the parties' conversations does not allege a disclosure in breach of the settlement agreement. Awards Depot does not allege what or how Trophy Depot revealed information about the settlement agreement or what terms of the Protective Order setting forth the legal requirements of the confidentiality clause Trophy Depot violated. This claim is dismissed.

Third, Awards Depot does not allege facts that provide a sufficient basis for a plausible claim that Trophy Depot breached the settlement agreement's prohibition on disclosing the business plans of Jerry Surber or the settlement agreement nondisclosure requirement. (Docket Entry No. 15 at ¶ 37). Awards Depot alleges that confidential business plans "were revealed in open court by [Trophy Depot's] grossly abusive violation of the Settlement Agreement's terms," but Awards Depot does allege what disclosures were made or why they were prohibited. (*Id.*). This claim is dismissed.

Awards Depot also alleges that "[t]he hostile and unfounded disparagement contained in [Trophy Depot's] most recent letter to the Court" violated § 9 of the settlement agreement. (Docket Entry No. 15 at ¶ 38). The settlement agreement requires the parties "not to disparage one another, their products or business practices." (Docket Entry No. 15-7 at ¶ 9). But the first amended complaint fails to allege what in Trophy Depot's letter to Judge Azrack disparaged Awards Depot so as to violate the settlement agreement. The bare allegation does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This claim is dismissed.

D. **The Rescission Claim**

13

Trophy Depot argues that the court must dismiss Awards Depot's claim for rescission of the settlement agreement and addendum "because the grounds for breach are not actionable." (Docket Entry No. 24 at 20). Trophy Depot contends that the agreement to negotiate future business dealings required the parties to "discuss possible business opportunities," and that Trophy Depot fulfilled that obligation. (*Id.* at 20–21). Trophy Depot argues that Awards Depot "was in prior material breach by not complying with its two year obligations," and, because "material breach by one party excuses performance by the other," Trophy Depot's letter to Judge Azrack cannot provide the basis for finding a material breach on its part excusing Awards Depot from performance or for granting rescission. (*Id.* at 21 (emphasis omitted)). Trophy Depot argues that Awards Depot fails to, and cannot, allege any other basis for rescission of the agreement and addendum; that an adequate remedy in damages; and that Awards Depot waived any right to rescind the agreement by affirming to Judge Azrack that it had accepted and understood its terms. (*Id.* at 24–27).

Under New York law, "before rescission will be permitted[,] the breach must be found to be 'material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract.'" *Nolan v. Sam Fox Pub. Co., Inc.*, 499 F.2d 1394, 1397 (2d Cir. 1974) (quoting *Callanan v. Powers*, 92 N.E. 747, 752 (N.Y. 1910)). Awards Depot must allege a plausible claim for breach of contract to state a plausible rescission claim. Awards Depot alleges that Trophy Depot's letter to Judge Azrack materially breached the settlement agreement because Awards Depot signed it to avoid continued litigation and "to negotiate potential business dealings in good faith." (*See* Docket Entry No. 15 at ¶¶ 11, 30–31, 41). Taking Awards Depot's allegations as true, it is conceivable that damages would be insufficient relief for the loss potential dealings. Dismissing the request for an equitable remedy at this stage is premature. *See,*

14

*e.g.*, *Ace Sec. Corp. Home Eq. Loan Trust, Series 2007-HE3 ex rel. HSBC Bank USA, Nat. Ass'n v. DB Structured Prods., Inc.*, 5 F. Supp. 3d 543, 558 (S.D.N.Y. 2014).

Trophy Depot's allegation that Awards Depot's failed to turn over the awardsdepot.com website after executing the addendum is insufficient at this stage to find a material prior breach that would excuse Trophy Depot from its obligation to perform the agreement and addendum. The Second Circuit, interpreting New York law, has noted that "for a breach of contract to excuse performance by a counterparty, that breach must be material." *Spector v. Bd. of Trs. of Cmty. Tech Colls.*, 316 F. App'x 18, 21 (2d Cir. 2009) (internal quotation marks and citation omitted). Because a motion to dismiss tests the sufficiency of the complaint, not the sufficiency of the evidence, Trophy Depot's arguments are better suited to a later summary judgment motion than to this motion to dismiss. *See* FED. R. CIV. P. 12(b)(6), 56(a).

### E. The Unjust Enrichment Claim

Trophy Depot argues that the court must dismiss Awards Depot's claim for unjust enrichment because "New York Courts and the Second Circuit have consistently held 'that the existence of a written agreement precludes a finding of unjust enrichment.'" (Docket Entry No. 24 at 15 (citing *In re First Cent. Fin. Corp.*, 377 F.3d 209, 214 (2d Cir. 2004))). The written settlement agreement and addendum "contemplate[] the disposition of the awardsdepot.com domain name," precluding an unjust enrichment claim based on the ownership of that website. (*Id.*). Trophy Depot is correct that New York law precludes Awards Depot's claim of unjust enrichment. This claim is dismissed, with prejudice and without leave to amend, because amendment would be futile.

### F. The Attorneys' Fees Claim

Awards Depot's first amended complaint pleads that, should the court deny equitable remedies or find the alleged breaches immaterial, the court should provide "alternative relief in the form of attorneys' fees pursuant to TEX. CIV. PRAC. & REM. § 38.001." (Docket Entry No. 15 at ¶ 33). The settlement agreement requires the application of New York law. (Docket Entry No. 15-7 at 2). Because Texas law does not apply to this dispute, this claim is dismissed, with prejudice and without leave to amend, again based on finding that amendment would be futile.

## IV. Conclusion

Trophy Depot's motion to dismiss is granted in part and denied in part. It is granted as to all of Awards Depot's claims under Texas law; the claims for unjust enrichment; the claims based on alleged violations of the settlement agreement's confidentiality, business negotiations, and non-disparagement clauses; the claim for failure to pursue mutual business opportunities in good faith; and the claim for attorneys' fees. It is denied as to the claims for a declaratory judgment under the federal statute on the website turnover timeline, for breach of the settlement agreement's dispute-resolution procedures, and for rescission of the settlement agreement.

The dismissals of the claims for a declaratory judgment under Texas law are with prejudice and without leave to amend, because amendment would be futile. The dismissals of the claims for unjust enrichment and attorneys' fees are with prejudice, for the same reason. The dismissals of the claims for alleged violations of the settlement agreement's confidentiality, business negotiations, and nondisparagement clauses, and for the failure to pursue mutual business opportunities in good faith, are without prejudice and with leave to amend, no later than **November 30, 2018**.

SIGNED on November 5, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge